**In re Marvin Lee COX, Debtor.**

**Bankruptcy No. 91–30824.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 23, 1991.

Sandra C. Bolotin, Toledo, Ohio, for debtor.

Thomas T. Schell, Toledo, Ohio, for Taylor.

Anthony B. Disall, Toledo, Ohio, trustee.

## OPINION AND ORDER OVERRULING OBJECTION TO CONFIRMATION

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon the objection of Taylor Cadillac, Inc. to confirmation of Debtor's amended chapter 13 plan. Upon consideration thereof, the court finds that said objection is not well taken and should be overruled and that Taylor Cadillac, Inc. should turn over to Debtor the 1979 Cadillac Seville in its possession, in accordance with this opinion and order.

## FACTS

On March 5, 1991, Debtor filed his voluntary petition and plan. On April 9, 1991, Taylor Cadillac, Inc. (Taylor) objected to confirmation of Debtor's plan for the reasons that, although Debtor listed it as an unsecured creditor, Taylor is a secured creditor as it holds a statutory lien against a 1979 Cadillac Seville automobile for labor and materials expended in repair and restoration of that vehicle, in November, 1990. Taylor requested that Debtor's plan provide for its continued possession of the vehicle or for a bond.

Debtor filed an amended plan, on June 12, 1991, providing for 100% payment to unsecured creditors. Additionally, Debtor's plan indicates that he would grant a security interest in the automobile and pay Taylor as a secured creditor in the amount of $1,200 with 10% interest. Taylor again objected to confirmation of Debtor's amended plan stating that it is a secured creditor in the amount of $3,382.09 and that Debtor should provide "collision coverage in the amount equal to the agreed-upon value of the automobile ($3,400.00)." Objection to Confirmation of Debtor's Amended Plan at 2. In responding to Taylor's objection, Debtor states that adequate insurance of the vehicle has been obtained and will be provided throughout the pendency of Debtor's case.

Additionally, Debtor has objected to Taylor's proof of claim stating that a security interest was previously extended to Credit Acceptance Corporation (Credit), prior to any repairs by Taylor and that Credit Acceptance Corporation was owed at the date of the petition, $2,500.00. Debtor maintains, then, that because Taylor admits that the fair market value of the vehicle is $3,400.00, and because Taylor's lien is subordinate to Credit Acceptance Corporation's security interest, Taylor's interest in the vehicle is unsecured in the amount of $900.00. Debtor requests confirmation of his plan and the return of the vehicle.

## DISCUSSION

Initially, the court notes that Taylor, in its motion to strike Debtor's answer and

objection to proof of claim, filed July 16, 1991, requests that Debtor's pleadings be stricken as untimely. Although the court finds that Debtor's answer to Taylor's objection to confirmation of Debtor's amended plan was not filed on or before June 27, 1991, as stipulated in the June 4, 1991 pretrial order, the court will, nevertheless, determine the merits of these issues.

Next, the court will consider the competing interests alleged by Taylor and Debtor, on behalf of Credit. Upon review of the file, the court notes that Credit, on March 29, 1991, filed a proof of claim in the amount of $2,192.54 as a result of a retail installment sale contract. Credit's proof of claim evidences that an installment contract with Debtor, was entered into in April, 1989, and that Credit is listed as a first lienholder on a 1979 Cadillac Seville. Thus, Debtor's allegation that Debtor extended a security interest to Credit prior to Taylor's performance of services is supported by the record.

■ Taylor's lien is governed by O.R.C. § 1309.29, which grants it a lien as a result of its furnishing of services or materials. However, Credit's security interest, governed by O.R.C. § 4505.13, has priority over Taylor. That is, "[a]s early as 1923 the Ohio Supreme Court held that the security agreement takes precedence over the artisan's lien." *Natl. City Bank v. Jim Roberts Buick, Inc.*, 24 Ohio Misc.2d 18, 20, 494 N.E.2d 470 (1986) (citation omitted). *See also Commonwealth Loan Co. v. Berry*, 2 Ohio St.2d 169, 207 N.E.2d 545 (1964) (the specified priority granted in § 4505.13 to liens noted upon the certificate of title of a motor vehicle makes such liens valid against other liens and prevails over the general provision of § 1309.29 regarding artisan's liens). Thus, Credit's lien has priority over that of Taylor and, accordingly, effects the secured status of Taylor.

Section 506 of title 11 permits the court to determine the secured status of a creditor. In the instant case, Taylor, in its proof of claim, states that the fair market value of the property upon which it has a lien is $3,400. *See* Proof of Claim (April 9, 1991). Debtor does not contest this valuation in its objection to Taylor's proof of claim and, in fact, states that the fair market value of the automobile, by Taylor's own admission, is $3,400. Objection to Proof of Claim of Taylor Cadillac (July 8, 1991). *See also* Objection to Confirmation of Debtor's Amended Plan at 2 (June 17, 1991) (the agreed-upon value of the automobile ($3,400.00)). Although Debtor states that Credit was owed $2,500, the court will utilize the amount of indebtedness listed by Credit in its proof of claim in determining the secured status of Taylor, $2,192.54. Using the parties' agreed upon value of the automobile, $3,400.00, the court finds that Taylor holds a secured claim in the amount of $1,207.46 ($3,400.00 − $2,192.54 = $1,207.46). Debtor's amended plan providing for payment to Taylor as a secured claimant in the amount of $1,200 is in compliance with the requirements for confirmation, under 11 U.S.C. § 1325, as to Taylor.

■ Taylor contends that if it maintains possession of the automobile, it will be secured to the extent of its lien. Objection to Confirmation of Debtor's Amended Plan at 3. The court does not agree. Taylor's "lien is not extinguished by removal of such chattel property from the possession of the lienholder." *Jim Roberts*, 24 Ohio Misc.2d at 19, 494 N.E.2d 470 (quotation omitted). Thus, Taylor's artisan's lien remains intact upon Taylor's turnover of the automobile to Debtor. The court finds that Taylor should turn over the automobile as, upon commencement of Debtor's case, Debtor retained the property rights that existed under state law. *See Matter of Mullarkey*, 81 B.R. 280 (Bkrtcy. D.N.J.1987). That is, under state law at the time of Debtor's petition, title in the automobile was vested in Debtor, despite Taylor's possession. Thus, Debtor had an interest in the automobile, constituting property of the estate, as defined in 11 U.S.C. § 541. Because Debtor has an interest in the 1979 Cadillac Seville and that interest constitutes property of the estate, turnover of this property may be ordered pursuant to 11 U.S.C. § 542. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198,

103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (property of the estate encompasses property of the Debtor that was seized by a creditor before the petition was filed); *In re Caldwell*, 81 B.R. 164, 18 C.B.C.2d 23 (Bkrtcy. M.D.Ga.1988) (several provisions of § 541 bring into the estate property in which Debtor did not have a possessory interest at the time the bankruptcy proceedings commenced). Upon the proper recording of said lien upon the certificate of title in accordance with O.R.C. § 4505.13, Taylor must, then, turn over the automobile to Debtor.

 Taylor states that Debtor may only seek recovery of the car through institution of an adversary proceeding. However, as stated, following *Whiting Pools, supra,* the court may order Taylor to turn over the automobile in issue, upon the proper recording as previously stated.

 Lastly, Taylor requests that Debtor prepay, for the duration of the plan, insurance coverage, with no deductible provision, in the agreed upon amount of the automobile. Objection to Confirmation of Debtor's Amended Plan at 2. The court concurs with Taylor that Debtor should maintain insurance coverage upon this automobile; however, Debtor need not prepay the insurance for the life of the plan. Rather, Debtor must furnish, at Taylor's request, evidence of insurance coverage; failure to maintain adequate insurance, upon the filing of an appropriate pleading, may result in a default under the terms of the plan.

There being no further objections to Debtor's amended plan, the court finds that same should be confirmed. In light of the foregoing, it is therefore

ORDERED that objection of Taylor Cadillac, Inc. to confirmation of Debtor's amended plan be, and it hereby is, overruled. It is further

ORDERED that Debtor's amended plan be, and it hereby is, confirmed. It is further

ORDERED that Taylor Cadillac turn over to Debtor, the 1979 Cadillac Seville currently in its possession in accordance with this opinion and order.