**In re Floyd C. RAYNARD, Dolores A. Raynard, Debtors.**

**PRESIDENTIAL FINANCIAL, Plaintiff,**

v.

**Floyd C. RAYNARD, Defendant.**

Bankruptcy No. 92–66108.

Adv. No. 93–6833.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 29, 1994.

S. Lawrence Polk, Sutherland, Asbill & Brennan, Atlanta, GA, for plaintiff.

Mark A. Baker, Atlanta, GA, for defendant.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

On March 7, 1994, Defendant filed an answer and a motion to set aside the default judgment entered February 23, 1994. Plaintiff's motion for default judgment was filed December 29, 1993; Defendant failed to respond to that motion. Plaintiff's complaint to determine dischargeability was filed and summons issued November 12, 1993.

Defendant shows in his motion to set aside the default judgment that, when he was served with Plaintiff's complaint, Defendant was proceeding *pro se.* When he was served with the summons and complaint, Defendant called the law firm of Clark, Washington & Jones because that firm's Yellow Pages advertisement offered a "free telephone consultation." Defendant telephoned Clark, Washington & Jones and told the attorney he spoke with that he had been served with a complaint in his bankruptcy case and needed to know what he should do.

The attorney at Clark, Washington & Jones advised Defendant that if the creditor was listed in Defendant's bankruptcy petition, its claim would be discharged. The attorney also advised Defendant that the creditor was probably in contempt of court for filing the suit while the bankruptcy was pending. Finally, the attorney advised Defendant that he need take no further action because the claim which was the subject of the complaint would be discharged. Defendant states in his affidavit attached to the motion to set aside the default judgment:

> In hindsight, I see that I probably did not explain sufficiently to the attorney at Clark, Washington & Jones the nature of the lawsuit filed by [Plaintiff] and that the attorney assumed that the lawsuit was simply a suit on a note or account, when in fact the suit sought to except the particular indebtedness from my discharge. However, I explained the nature of the lawsuit to the attorney as I understood it. I certainly did not deliberately fail to adequately explain the nature of the lawsuit to the attorney; in fact, I would not have call a lawyer if I had not been motivated to protect my interests.

In reliance upon that advice, Defendant filed no answer or other responsive pleadings to the complaint.

Plaintiff's complaint, in fact, is a complaint to determine dischargeability. As stated in the final paragraph of the complaint, Plaintiff sought a determination that its claims "are

not subject to discharge." Therefore, the advice given to Defendant by the Clark, Washington & Jones attorney was erroneous. Defendant's failure to file an answer resulted in entry of a default judgment which contained not only a money judgment against Defendant but also a determination that that money judgment is not dischargeable in Defendant's bankruptcy case. Pursuant to 11 U.S.C. § 523(b), that debt would also be nondischargeable in any future bankruptcy case which Defendant may file.

■ Therefore, Defendant asserts in the motion to set aside the default judgment that his reliance on erroneous legal advice constitutes excusable neglect. Defendant also asserts he has meritorious defenses to the complaint and that Plaintiff will suffer no prejudice if the default judgment is set aside. The meritorious defenses Defendant asserts are denials of the factual bases for Plaintiff's complaint. In support of the assertion that Plaintiff will not be prejudiced, Defendant shows that the default judgment was entered only three months after the adversary proceeding was filed. Defendant also shows that the Chapter 7 Trustee has filed or will file a Report of No Distribution and that collection of any judgment against Defendant will not be affected by setting aside the default judgment.

Plaintiff argues Defendant's default should not be excused because Defendant's reliance on erroneous legal advice does not constitute excusable neglect. Plaintiff does not attempt to counter Defendant's arguments regarding meritorious defenses or lack of prejudice.

Bankruptcy Rule 7055, based on F.R.C.P. 55(c), provides:

> (c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 60(b) provides:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

■ A party seeking to set aside a default judgment must show both good reason for the default and the existence of a meritorious defense. *Gibbs v. Air Canada,* 810 F.2d 1529 (11th Cir.1987). "[T]he setting aside of a default judgment where no good reason has been offered for the default constitutes an abuse of discretion." *Gower v. Knight,* 833 F.2d 1515 (11th Cir.1987).

At the heart of Defendant's motion lies the issue of whether Defendant's default was the result of excusable neglect. "Excusable neglect" is a concept used in more than one of the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. The concept of excusable neglect is not, however, defined in either body of rules. Prior to March, 1993, Eleventh Circuit precedent established that a party may claim excusable·neglect only if its "failure to timely perform a duty was due to circumstances which were beyond [its] reasonable control." *In re South Atlanta Financial Corp.,* 767 F.2d 814, 817 (11th Cir. 1985).

Recently, however, the Supreme Court addressed the concept in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and rejected the stringent standard of the Eleventh Circuit. The Supreme Court recognized that a broad range of explanations may be given for a

party's failure to act, extending from forces beyond the party's control—such as acts of God and unforeseeable human intervention—to the party's choice to "flout" a deadline. In between those two extremes lie cases in which a party may choose to miss a deadline, "although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse," and cases in which the party misses a deadline due to inadvertence, mistake or neglect. *Id.* at ——, 113 S.Ct. at 1494.

In its decision concerning the point in this range of explanations where excusable neglect falls, the Court held that "neglect" should be accorded its ordinary meaning which encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at ——— ——, 113 S.Ct. at 1494–95. The Court then continued to explain that in determining whether a party's neglect is excusable, a court must take into account "all relevant circumstances surrounding the party's omission." *Id.* at ——, 113 S.Ct. at 1498. The factors to be considered include the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

In delineating the factors to be considered in determining whether the neglect is excusable, the Supreme Court expressly excluded consideration of whether the defaulting party should be penalized for the omissions of the party's attorney. "[C]lients must be held accountable for the acts and omissions of their attorneys." *Id.* at ——, 113 S.Ct. at 1499. The Court quoted itself as explanation: "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Id.*, quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

In the instant case, when Defendant received the summons and complaint, he contacted an attorney for advice. At least for the duration of Defendant's telephone conversation with the attorney at Clark, Washington & Smith, an attorney-client relationship appears to have existed. An attorney-client relationship may be inferred if a party shows that the advice or assistance of an attorney is both sought and received in matters pertinent to the attorney's profession. *Huddleston v. State*, 259 Ga. 45, 376 S.E.2d 683 (1989). Additionally, even where no express attorney-client relationship exists, an attorney may be held liable for negligence if the attorney gratuitously undertakes to perform a legal service to another with the other's approval. *Rogers v. Hurt, Richardson, Garner, Todd & Cadenhead*, 203 Ga. App. 412, 417 S.E.2d 29 (1992); *Simmerson v. Blanks*, 149 Ga.App. 478, 254 S.E.2d 716 (1979).

Based on advice of counsel, Defendant made a reasoned decision not to file an answer to Plaintiff's complaint. That the advice was ill-founded, whether due to Defendant's failure to provide the attorney with correct information or due to the attorney's failure to competently advise Defendant, does not appear to constitute neglect. Defendant does not deny that he was aware that the consequence of his failure to answer would be entry of a default judgment. The summons provides clear and unambiguous notice on the consequences of a failure to respond to the summons. The complaint itself was clear and unambiguous in describing the relief sought by Plaintiff.

Defendant did not "neglect" to file his answer to the complaint; his failure to file an answer was an intentional and conscious decision. Such a decision does not constitute excusable neglect. *Longshore v. Bhandari*, 161 B.R. 315 (Bankr.N.D.Ga.1993). An erroneous legal conclusion, whether by a party or the party's attorney, does not constitute excusable neglect. *In re Ginsberg*, 164 B.R. 870 (Bankr.S.D.N.Y.1994). Defendant was not prevented by events beyond his control from filing an answer to the complaint. Defendant's failure to answer falls outside the spectrum of explanations which constitute neglect. As Defendant's failure to answer was not the result of "neglect," it is unnecessary to proceed to the "excusable" prong of

the analysis prescribed in *Pioneer.* Accordingly, it is hereby

ORDERED that Defendant's motion to set aside the default judgment is **DENIED.**

IT IS SO ORDERED.