In re Patricia Lucille BASKETT, Debtor.

E. Hanlin BAVELY, Plaintiff–Appellee,

v.

Benny POWELL, a.k.a. Binii Azzar, d.b.a., New Look Auto & Trim, Defendant–Appellant.

BAP No. 97–8102.

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Feb. 4, 1998.

Decided April 7, 1998.

E. Hanlin Bavely, argued and on brief, Cincinnati, OH, for Appellee.

Arthur Charles Church, argued and on brief, Cincinnati, OH, for Appellant.

Before: BAXTER, LUNDIN, and RHODES, Bankruptcy Appellate Panel Judges.

## OPINION

Defendant–Appellant, Benny Powell,[1] appeals the bankruptcy court's denial of his motion to set aside a default judgment on a complaint for turnover of property under 11 U.S.C. § 542. Based on *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Panel concludes that the bankruptcy court abused its discretion in refusing to set aside the default judgment. Accordingly, the bankruptcy court's decision is REVERSED.

---

1. The caption of the complaint identifies Defendant–Appellant as Benny Powell, a.k.a. Binii Azzar, d.b.a. New Look Auto & Trim. The affidavit of the Defendant–Appellant spells his name two different ways with the signature line stating the last name as "Arrazzaq." This opinion will refer to the Defendant–Appellant as "Powell."

## I. ISSUE ON APPEAL

Whether the bankruptcy court abused its discretion by denying Powell's motion to set aside default and for leave to file answer out of time.

## II. JURISDICTION AND STANDARD OF REVIEW

■ The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Carrico*, 214 B.R. 842, 844 (6th Cir. BAP 1997) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations omitted)). An order denying a motion to set aside a default judgment is a final order. *Slutsky v. American Express Travel Related Servs. Co. (In re William Cargile Contractor, Inc.)*, 209 B.R. 435, 435–36 (6th Cir. BAP 1997).

■ The decision on a motion to set aside a default judgment is left to the discretion of the trial judge. *Meganck v. Couts (In re Couts)*, 188 B.R. 949 (Bankr.E.D.Mich. 1995). This Panel reviews the bankruptcy court's refusal to set aside the default judgment for abuse of discretion. *See Slutsky*, 209 B.R. at 435–36; *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 397–98 (6th Cir.), *cert. denied*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987). "However, a strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved." *INVST*, 815 F.2d at 397. "Trials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *Id.* at 397–98 (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)). " '[W]hen the grant of a default judgment precludes consideration of the merits of a case 'even a slight abuse [of discretion] may justify reversal.' '" *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194–95 (6th Cir.1986) (alteration in original) (quoting *Williams v. New Orleans Public Serv.*, Inc., 728 F.2d 730, 733–34 (5th Cir.1984)).

## III. FACTS

On July 15, 1996, Patricia Lucille Baskett, filed a Chapter 7 bankruptcy petition. E. Hanlin Bavely, Plaintiff–Appellee, was appointed Chapter 7 Trustee. On Schedule B, the list of her personal property, Baskett disclosed a 1975 Mercedes Benz 450. The certificate of title for this vehicle indicates that Frank Ruben transferred the vehicle to Baskett on March 9, 1995, for $2,500. However, Powell has possession of the vehicle.

On October 2, 1996, Bavely filed this adversary proceeding against Powell to obtain possession of the automobile. The complaint was served on Powell by first class mail to his place of business. A copy of the complaint was also sent by certified mail, but was returned unclaimed. Powell did not timely respond to the complaint.

On November 12, 1996, Bavely filed a motion for default judgment. The motion and a notice of the motion were served upon Powell by first class mail at his place of business. Powell did not respond to the motion for default. On January 29, 1997, Bavely submitted a proposed order granting default judgment and an affidavit. The default judgment was entered January 29, 1997.

On February 28, 1997, Powell filed a motion to set aside the default judgment and to file an answer out of time. A proposed answer to the complaint, an affidavit and a memorandum accompanied the motion. In the affidavit, Powell asserted that he was recovering from heart by-pass surgery at the time the pleadings were received at his place of business. Powell admitted that his assistant, Dorothy Williams, received the papers. However, Powell asserted that she turned them over to an attorney, Stuart Richards, and that Powell never viewed the documents. Powell also asserted that Richards did not inform him concerning time limits for re-

sponding to the pleadings. (Aff. of Binii Arrazzaaq at 3.) Powell stated that he filed the motion to set aside the default judgment two days after he retained a new attorney. (Aff. of Binii Arrazzaaq at 3; Appellant's Br. at 6.)

Bavely's affidavit filed in support of the proposed order granting default stated that on November 19, 1996, Powell and Bavely communicated on the telephone. Powell informed Bavely that he had received the pleadings and was "confused" by the documents. Powell indicated he had been unsuccessful in retaining an attorney. Further, Powell asserted that he had performed repairs upon the vehicle and that he was a creditor of the bankruptcy estate. Bavely stated that he refused to give Powell any advice other than to retain an attorney. Bavely also indicated that he spoke to Stuart Richards regarding his status as Powell's attorney in November 1996 and December 1996. Bavely indicated that despite his understanding that Richards had not been retained by Powell, he sought Richard's help in obtaining cooperation from Powell. (Aff. of E. Hanlin Bavely at 3.)

The bankruptcy court conducted a hearing on the motion to set aside the default judgment on September 29, 1997. On October 22, 1997, the bankruptcy court entered an order denying the motion to set aside default. The bankruptcy court held that Powell had not raised a meritorious defense to the turnover complaint and that he was culpable for the conduct leading to the default judgment. Powell appealed.

## IV. DISCUSSION

Federal Rule of Civil Procedure 55(c), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7055, governs a motion to set aside an entry of default or a default judgment. When a court has entered a default judgment, as here, Rule 55(c) states that the court may set aside that judgment only in accordance with Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). In the present case, the bankruptcy court denied the motion to set aside the default judgment based upon Rule 55 without addressing whether any requirement of Rule 60(b) was met.

The only arguable basis in Rule 60(b) to set aside the default judgment in the present case is "excusable neglect." FED.R.CIV.P. 60(b)(1). In the context of another bankruptcy rule, the Supreme Court has adopted a flexible standard for evaluating excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Supreme Court concluded that excusable neglect encompasses both "simple faultless omissions to act and, more commonly, omission caused by carelessness." *Id.* at 388, 113 S.Ct. at 1495. The Court stated, "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. at 1497. The Court further stated that the determination of whether excusable neglect exists is an equitable determination, and the Court agreed with the factors that the Sixth Circuit had considered in the case,

including "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498 (citing *Brunswick Assocs. Limited v. Pioneer Inv. Servs. Co. (In re Pioneer Inv. Servs. Co.),* 943 F.2d 673, 677 (6th Cir.1991)).

The Sixth Circuit has not analyzed excusable neglect under Rule 60(b) using the *Pioneer* standard. However, the analysis used by the Sixth Circuit in Rule 60(b) cases is consistent with *Pioneer.* "Where Rule 60(b) is invoked to set aside a default judgment, [a] court must both consider the Rule 55 equitable factors enumerated in [*United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983) ], and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. American Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir. 1996) (citing *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 209 (6th Cir.1995); *Waifersong, Ltd. Inc. v. Classic Music Vending,* 976 F.2d 290, 292(6th Cir.1992)). Rule 55 requires the court to determine whether there is "good cause" to set aside the default, considering: "1) whether the non-defaulting party will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether the culpable conduct of the defendant led to the default." *United Coin,* 705 F.2d at 845. *See also Smith v. Commissioner,* 926 F.2d 1470, 1479–80 (6th Cir.1991); *Berthelsen v. Kane,* 907 F.2d 617 (6th Cir.1990); *INVST,* 815 F.2d at 397; *Shepard Claims,* 796 F.2d at 194–95; *Creditors Committee of Park Nursing Ctr., Inc. v. Samuels (In re Park Nursing Ctr., Inc.),* 766 F.2d 261 (6th Cir. 1985) (applying *United Coin* standards to bankruptcy adversary proceeding).

The factors identified in *United Coin* are similar to those considered by the Supreme court in *Pioneer.* A court must look at the culpability of the conduct, the prejudice to the plaintiff and the merit of the defendant's defenses.

## A. Was the failure to answer a result of culpable conduct?

The bankruptcy court found that Powell was negligent in not responding to the default motion and in seeking relief after it was discovered. (Tr. 9/29/1997 at 5.) The bankruptcy court held that Powell was culpable for the default. Therefore, the bankruptcy court refused to set aside the default.

The Sixth Circuit has explained that " '[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.' " *INVST,* 815 F.2d at 399 (alteration in original) (quoting *Shepard Claims,* 796 F.2d at 194). In the Sixth Circuit the standard for determining the culpability of the defendant's conduct is more stringent under Rule 60(b), which applies to default judgments. *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 209 (6th Cir.1995). In *East Akron Casting,* the court of appeals determined that the more stringent standard of Rule 60(b) had not been met when defendants took no action for eleven months after the default judgment was entered and offered no explanation for their inaction. *Id.*

The facts of the present case are distinguishable from *East Akron Casting.* In the present case, Powell filed a motion to set aside the default judgment one month after its entry and two days after retaining new counsel, explaining that the delay was caused by his confusion and inadequate advice from prior counsel.

Other courts have applied the *Pioneer* standard of excusable neglect in cases under Rule 60(b). In *Presidential Financial v. Raynard (In re Raynard),* 171 B.R. 699 (Bankr.N.D.Ga.1994), the bankruptcy court held that when a defendant chooses not to file an answer based on the advice of counsel, excusable neglect does not exist. The defendant did not neglect to file his answer, rather the decision not to file was intentional and conscious, based on ill-founded advice from his attorney. *Id.* at 702. Likewise, in *Tullock v. Hardy (In re Hardy),* 187 B.R. 604, 610 (Bankr.E.D.Tenn.1995), the debtor's intentional choice not to file an answer because

he could not reach an agreement with his attorney regarding fees did not qualify as excusable neglect under the *Pioneer* standard. However, in *In re Smoinikar*, 200 B.R. 640, 642 (Bankr.D.Minn.1996), the court determined that an attorney's misunderstanding of a procedural requirement to file a response did qualify as excusable neglect.

The facts of the present case show carelessness or negligence in failing to answer and in failing to respond to the motion for default. In the circumstances, however, these failures are not culpable conduct. Powell had been hospitalized and was recovering from major surgery during the time he was required to respond to the complaint. The pleadings were given to an attorney who did not properly instruct Powell regarding the time constraints to respond to the pleadings. (Aff. of Binii Arrazzaaq at 3.) Powell contacted the Trustee. After receiving the default judgment, Powell obtained a new attorney and immediately filed a motion to set aside the default. He demonstrated intent to deal with the legal matter and an effort to do so.

These facts are not similar to the cases where the defendant made a conscious choice not to respond. *Raynard*, 171 B.R. 699; *Hardy*, 187 B.R. 604. Rather, these facts more closely resemble the facts of *Smoinikar*, where the attorney misunderstood his procedural responsibility. Powell has not displayed either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on the proceedings. The conduct leading to the entry of the default judgment was not culpable.

**B. Will the Chapter 7 Trustee be prejudiced if the default judgment is set aside?**

█ The bankruptcy court did not address whether Bavely would be prejudiced if the default judgment is set aside. Neither party addressed this factor in its brief on appeal. Bavely has the burden to prove prejudice. *INVST*, 815 F.2d at 398.

In *INVST*, the Sixth Circuit explained that "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (citations omitted).

Bavely has not alleged any prejudice in the present case. No evidence of prejudice emerges from a review of the appellate record.

**C. Has Powell raised a meritorious defense?**

In his proposed answer, Powell raised four defenses. Powell's first defense is that Baskett's name appears on the title through fraud. Powell's second defense is that he owns the vehicle even though the Debtor's name appears on the certificate of title. In the alternative, Powell's third defense is that he has an artisan's lien on the vehicle. The fourth defense is that he will lose his lien if he relinquishes possession of the vehicle. The bankruptcy court rejected the first defense and did not address the remaining defenses.

█ Although the decision on whether to set aside a default judgment is left to the discretion of the trial court, the Sixth Circuit has adopted a "somewhat modified standard of review." *INVST*, 815 F.2d at 397. "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin*, 705 F.2d at 844. "In considering a motion to set aside entry of a judgment by default a [trial] court must apply Rule 60(b) 'equitably and liberally ... to achieve substantial justice.'" *Id.* (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)). Trial courts have been instructed to "construe all ambiguous or disputed facts in the light most favorable to the defendant" and resolve any doubt in favor of the defendant. *INVST*, 815 F.2d at 398 (quoting *Jackson v. Beech*, 636 F.2d 831, 838 (D.C.Cir. 1980)).

█ In determining whether a meritorious defense has been asserted, it "'is sufficient if it contains 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.'" *Id.* at 399 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C.Cir.

1980)). "The key consideration is 'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.' " *Id.* (quoting 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE FEDERAL PRACTICE AND PROCEDURE § 2697, at 531 (1983)). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin,* 705 F.2d at 846 (quoting *Huntington Cab Co. v. American Fidelity & Casualty Co.,* 4 F.R.D. 496, 498 (S.D.W.Va.1945)). "In determining whether a defaulted defendant has a meritorious defense '[l]ikelihood of success is not the measure.' Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* (quoting *Keegel,* 627 F.2d at 374).

### a. Powell's constructive trust defense lacks merit.

Powell's first defense is that Baskett's name appears on the title through fraud, which might result in a court imposing a constructive trust. The bankruptcy court held this defense is not meritorious because a constructive trust had not been imposed by a prepetition state court judgment. Therefore, the bankruptcy court held that Powell's first defense is not meritorious. The bankruptcy court correctly determined that Powell's defense of a constructive trust is foreclosed by application of *XL/Datacomp, Inc. v. Wilson* (*In re Omegas Group, Inc.*), 16 F.3d 1443, 1453 (6th Cir.1994) (Because a constructive trust is a remedy rather than a right, it is effective to exclude property from the bankruptcy estate only if the trust was imposed by a court judgment before the bankruptcy petition was filed.)

### b. Powell's claim of an express trust may have merit.

Powell's second defense is that he is the owner of the vehicle even though Baskett's name appears on the certificate of title. Bavely argues that this is not a good defense because under Ohio law the certificate of title is conclusive proof as to the owner of a vehicle. Ohio Revised Code Annotated § 4505.04 provides:

(A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or an other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until such person has had issued to him a certificate of title to the motor vehicle ... and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.

(B) Subject to division (C) of this section no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

(1) By a certificate of title ...;

(2) By admission in the pleadings or stipulation of the parties;

(3) In an action by a secured party to enforce a security interest perfected under sections 1309.01 to 1309.50 of the Revised Code in accordance with division (A) of section 4505.13 of the Revised Code, by an instrument showing a valid security interest.

OHIO REV.CODE ANN. § 4505.04 (Anderson 1993).

In *In re Amos,* 201 B.R. 184 (Bankr. N.D.Ohio 1996), the bankruptcy court determined that even though the debtor's name appeared on the certificate of title, the vehicle was not property of the estate because the debtor did not own the vehicle. In *Amos,* the debtor's boyfriend purchased a van from a dealer for cash. The dealer refused to title the vehicle in the boyfriend's name because he did not have a driver's license. The parties agreed to place the certificate of title in the debtor's name as an accommodation. The boyfriend had exclusive use of the van. The debtor leased her own vehicle. The bankruptcy court determined, "The Debtor's agreement to take legal title to the [v]an in order to enable [her boyfriend] to purchase it created an express trust with the Debtor as trustee and [the

boyfriend] the beneficiary." *Id.* at 186. The bankruptcy court further stated:

> So far as the Court can discover no Ohio case has held, or even suggested, that section 4505.04 would require forfeiture of the beneficiaries' interest under an express trust where only the trustee is named in the certificate of title, and several cases have stated that section 4505.04 does not preclude express trusts.

*Amos,* 201 B.R. at 187 (citing *In re Robert E. Lee, Inc.,* 129 F.Supp. 920 (N.D.Ohio 1955); *Douglas v. Hubbard,* 91 Ohio App. 200, 107 N.E.2d 884 (1951); cf. *United States v. Birns,* 17 Ohio Misc. 187, 395 F.2d 943 (6th Cir.1968); *In re Gunder,* 8 B.R. 390 (Bankr. S.D.Ohio 1980)). The *Amos* court concluded that there was "no reason to expect that the Ohio courts would interpret section 4505.04 to invalidate express trusts where doing so would further none of the purposes the Supreme Court has said that the section was intended to achieve." *Id.*

▇ The Sixth Circuit acknowledged in *Omegas Group* that a prepetition express trust retains some vitality as a defense to recovery of property by a bankruptcy trustee. The holding in *Omegas Group* applies only to constructive trusts, not to express trusts. *Omegas Group,* 16 F.3d at 1449. "[W]hen prior to bankruptcy a debtor served as trustee of an express trust, the debtor generally has no rights to the assets kept in trust, and a trustee in bankruptcy 'must fork them over to the beneficiary.'" *Hunter v. St. Vincent Med. Ctr. (In re Parkview Hosp.),* 211 B.R. 619, 633 (quoting *Omegas Group,* 16 F.3d at 1449). Property held by a debtor as trustee pursuant to an express trust is not property of the bankruptcy estate. *Amos,* 201 B.R. at 186–88.

Powell's affidavit states that he purchased the vehicle from its former owner for $5,500, and that Baskett agreed to take title in her name as an accommodation to his financial situation. (Aff. of Binii Arrazzaaq at 2.) Bavely filed an affidavit that Frank Ruben, the prior owner of the vehicle indicated that "he forced Powell to purchase the vehicle" and that title of the vehicle was transferred to Patricia Baskett. (Aff. of E. Hanlin Bavely at 3.)

▇ As the court in *Amos* noted, there are no specific requirements for the creation of an express trust. "'[I]t is immaterial whether or not the settlor knows that the intended relationship is called a trust, and whether or not the settlor knows the precise characteristics of a trust relationship.'" *Amos,* 201 B.R. at 186 (quoting RE-STATEMENT (THIRD) OF TRUSTS § 13 cmt. A (Tentative Draft No. 1, 1996)). "An express trust may be created even though the parties do not understand what a trust is . . . ." *Id.* (quoting *Norris v. Norris,* 57 N.E.2d 254, 258 (Ohio Ct.App.1943)).

The two affidavits state facts, which if proven at trial, could support a finding that an express trust was created. If an express trust existed and Powell was the beneficial owner, the vehicle would not be property of the bankruptcy estate and would not be subject to turnover. Therefore, there is some possibility that the outcome after a trial could differ from the outcome reached by the default judgment. Powell has raised a meritorious defense.

#### c. An artisan's lien would not provide a defense to the turnover complaint, even if proven at trial.

▇ Powell's third and fourth defenses are that he has an artisan's lien on the vehicle for repair work and that he will lose his priority if he relinquishes possession of the vehicle. These defenses are not meritorious because a person holding an artisan's lien can be compelled to turnover a vehicle. *In re Cox,* 133 B.R. 198, 200–01 (Bankr. N.D.Ohio 1991).

### V. CONCLUSION

▇ The Panel concludes that "excusable neglect" exists under Rule 60(b)(1). Powell's conduct does not indicate an intent to thwart judicial proceedings or a reckless disregard for judicial proceedings. The trustee has asserted no prejudice. Powell has raised a meritorious defense. Therefore, the bankruptcy court abused its discretion in refusing to set aside the default judgment. The order denying the motion to set aside the default

judgment is REVERSED and the case is REMANDED.