**IN RE: Steven G. SHARKEY, and Sandra E. Sharkey, Debtors.**

**Case No. 16–44445**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed October 21, 2016

David H. Lewiston, Franklin, MI, Adam L. Wiener, Law Offices of Adam L. Wiener, Southfield, MI, for Debtors.

Sonya N. Goll, Stevenson & Bullock, PLC, Southfield, MI, Attorney for Creditor, Stevenson & Bullock, PLC.

## OPINION AND ORDER GRANTING DEBTOR'S MOTION FOR RELIEF FROM AUGUST 15, 2016 ORDER SUSTAINING OBJECTION TO CLAIMED EXEMPTIONS

Thomas J. Tucker, United States Bankruptcy Judge

### I. Introduction

This case is before the Court on the Debtor Steven G. Sharkey's motion, filed August 24, 2016, entitled "Motion to Set Aside Order Sustaining Creditor's Objection to the Debtor Steven G. Sharkey's July 1, 2016 Amended Claimed Exemptions" (Docket # 88, the "Motion"). The Motion seeks reconsideration of, and relief from, the August 15, 2016 Order entitled "Order Sustaining Creditor's Objection to the Debtor Steven G. Sharkey's July 1, 2016 Amended Claimed Exemptions" (Docket # 86, the "August 15, 2016 Order"). The creditor, Stevenson & Bullock, PLC (the "Creditor") objected to the Motion. The Court held a hearing on the Motion on October 6, 2016, and then took the Motion under advisement.[1]

For the reasons stated below, the Court will grant the Motion.

### II. Debtor's argument that the Creditor's Objection to Exemptions was not timely filed

The Court first will address the Debtor's argument that the Creditor's July 25, 2016 objection to exemptions (Docket # 74, the "Creditor's Objection") was not timely filed. The Court must reject this argument. The Court concludes that because of the conversion of this case from Chapter 7 to Chapter 13, which occurred on June 22, 2016,[2] a new deadline arose for any party in interest to object to the Debtors' claimed exemptions. Consistent with the wording of Fed. R. Bankr. P. 4003(b)(1), that deadline was 30 days after the conclusion of the § 341 meeting of creditors *in the Chapter 13 case*, or 30 days after the Debtors filed "any amendment" to their claimed exemptions, whichever date is later. *See In re Kositphasaj*, 2006 WL 4854386 (Bankr. D. Md. 2006) at * 3 and cases cited therein.[3]

---

1. After the Court took the Motion under advisement, on October 18, 2016, the Debtor filed further documents in support of the Motion, namely, an affidavit of attorney David Lewiston; a documentary exhibit; and a brief. (Docket # 106). These items were not timely filed, and are out-of-rule, so the Court has disregarded them in making its decision on the Motion.

2. *See* Order Granting Debtors' Motion to Convert Chapter 7 Case to Chapter 13, with Conditions (Docket # 53).

3. The Court is aware of cases that are contrary to the *Kositphasaj* line of cases. Those contrary cases held that a new 30–day time period for objecting to exemptions does *not* arise when a Chapter 7 case is converted to Chapter 13. *See In re Davis*, 2006 WL

This means that the Creditor had until at least 30 days after the conclusion of the § 341 meeting held in the Chapter 13 case to object to the Debtors' claimed exemptions, regardless of when the Debtors filed their Schedule C claims of exemption or any of the multiple amendments thereto. The Chapter 13 Trustee concluded the § 341 meeting of creditors on August 2, 2016,[4] so the 30–day deadline after that date was September 1, 2016. Thus, the Creditor had until at least September 1, 2016 to file its objection to the Debtors' claimed exemptions. The Creditor filed its objection at issue on July 25, 2016, so the objection was timely.

### III. Excusable neglect

■ Under the circumstances presented, the Court finds and concludes that the Debtor has shown excusable neglect in his failure to timely file a response to the Creditor's Objection, and that the Court should grant Debtor relief from the August 15, 2016 Order, under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024.

Fed. R. Civ. P. 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]

■ "The decision on a motion to set aside a default judgment is left to the discretion of the trial judge." *Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 757 (6th Cir. BAP 1998) (relying on *Meganck v. Couts (In re Couts)*, 188 B.R. 949, 951 (Bankr. E.D. Mich.1995)). In *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), the Sixth Circuit explained that a determination of whether to set aside a default judgment under Civil Rule 60(b)(1) requires a three-step analysis. First, the moving party must "demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect." Only after this threshold requirement has been satisfied may the Court consider the remaining two steps of the analysis; namely "whether the [moving party] has a meritorious defense," and "whether the [non-moving party] will be prejudiced" by relief from judgment. *Id.*

■ In order to show that relief is appropriate under Rule 60(b)(1) based on "excusable neglect," Debtor must show both (1) that his conduct in failing to timely respond to Creditor's Objection constituted "neglect" within the meaning of Rule 60(b)(1); and (2) that his "neglect" was excusable. In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489,

4711342 (Bankr. D. Md. 2006); *In re Paulsen*, 2013 WL 2337917 (Bankr. E.D. Calif. 2013). But the Court respectfully disagrees with those contrary cases, and concludes that the holding in this case is more consistent with the actual wording of the relevant rules in the Federal Rules of Bankruptcy Procedure. *See generally In re Lang*, 276 B.R. 716, 719–20 (Bankr. S.D. Fla. 2002)(discussing the rules in a case involving conversion from Chapter 11 to Chapter 7). And the Court also is aware that in 2010, the Federal Rules of Bankruptcy Procedure were amended to add the provision, now in Rule 1019(2)(B), stating that a

new time period for objections to exemptions arises, with certain exceptions, when a Chapter 11, 12, or 13 case is converted to Chapter 7. By its wording, that rule does not apply to a conversion to Chapter 13, of course, and there is no rule that expressly addresses this question in the context of a conversion to Chapter 13. But the Court nonetheless finds persuasive the *Kositphasaj* line of cases.

4. *See* the August 3, 2016 Docket Entry by the Chapter 13 Trustee ("Meeting of Creditors Held on **8/2/2016**.")(bold in original).

123 L.Ed.2d 74 (1993), the Supreme Court explained that "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to esp[ecially] through carelessness.' " *Id.* (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added)). Based on the ordinary meaning of "neglect," the Court concluded that the concept of "neglect" under Civil Rule 60(b)(1) denotes that "a party is partly to blame" for failing to act, and that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. 1489 (internal quotation marks and citations omitted).

If Debtor shows "neglect," the next issue is whether Debtor's neglect was excusable. In *Pioneer*, the Supreme Court explained that a determination of

> whether a party's neglect of a deadline is excusable . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission . . . [including] the danger of prejudice to the [party opposing relief], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. 1489.

In determining whether Debtor's failure to timely respond to the Creditor's Objection was "excusable," the Court must focus not only on whether Debtor's failure was excusable, but also on whether the failure or neglect of his attorney was excusable. The Supreme Court discussed this point at some length and made this clear in *Pio-*

*neer*, concluding that "the proper focus is upon whether the neglect of [the movants] and their counsel was excusable." *Id.* at 396–97, 113 S.Ct. 1489 (italics in original.)

In this case, the Court finds that the failure to timely file a response to Creditor's Objection was the result of "excusable neglect" by Debtor's attorney, within the meaning of Rule 60(b)(1). In considering the *Pioneer* factors here, the Court finds that: (1) Debtor and Debtor's attorney acted in good faith; (2) the length of delay caused by the failure to file a timely response to the Creditor's Objection, and its impact on the judicial proceedings in this Chapter 13 case, are not significant; (3) there is little or no danger of prejudice being suffered by the Creditor or by any other party in interest because of the delay; and (4) while the delay was within the reasonable control of Debtor and his attorney, the reason for the delay was some genuine and understandable confusion on the part of Debtor's attorney, caused by the facts that when the Creditor's Objection was filed on July 25, 2016, there had already been substantial proceedings (including a timely response and briefing filed by Debtor's attorney and a hearing) during the Chapter 7 phase of this case, on very similar objections to exemption previously filed by the Creditor on behalf of the Chapter 7 Trustee. Not only this, but also there was still pending a further, adjourned hearing on the Chapter 7 Trustee's objections to exemption scheduled for August 25, 2016. The Court had originally scheduled that further hearing date for August 3, 2016, but a month *after* the conversion to Chapter 13, the Court issued a notice adjourning the hearing to August 25, 2016.[5] While Debtor's attorney should have recognized that Debtor was obligated

---

**5.** *See* Order, filed June 15, 2016 (Docket # 48); Notice of Adjournment, filed July 25, 2016 (*i.e.,* filed more than a month *after* the June 22, 2016 conversion to Chapter 13)(Docket # 72).

to file a timely response to Creditor's Objection, Debtor's attorney's confusion and resulting failure to act was neglect that is excusable.

As noted above, the case law applying Civil Rule 60(b)(1) requires the Court to consider whether Debtor would have a meritorious defense, if the Court finds excusable neglect. In considering this "meritorious defense" requirement, the issue is whether Debtor has shown that there is the possibility that he would prevail at a full hearing on Creditor's Objection. In *Bavely*, the Sixth Circuit Bankruptcy Appellate Panel explained:

> In determining whether a meritorious defense has been asserted, it is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.

*Bavely*, 219 B.R. at 760–61.

Debtor has met this relatively low standard for demonstrating a "meritorious defense." That, of course, is not to say that Debtor will ultimately prevail on the merits of the Creditor's Objection; the ultimate outcome very much remains to be seen.

With respect to the "prejudice to creditor" factor, the Creditor has the burden of showing such prejudice. *See Bavely*, 219 B.R. at 760 (relying on *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391 (6th Cir. 1987), *cert. denied sub nom, Garratt v. INVST Finan-*

*cial Group, Inc.*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987)). Creditor has shown no such prejudice.

Under the circumstances, then, the Court finds that Debtor has made the required showing under Rule 60(b)(1), and that the Court should grant relief from the August 15, 2016 Order, so that the Creditor's Objection can and will be determined on its merits, rather than on a default basis.

## IV. Conclusion and relief

For the reasons stated above,

IT IS ORDERED that:

1. The Motion (Docket # 88) is granted.

2. The August 15, 2016 Order (Docket # 86) is vacated.

3. The Creditor's Objection (Docket # 74) is restored to the Court's docket as a pending objection to exemptions, and the Debtors are deemed to have responded in opposition to the Creditor's Objection. In this regard, the Court will consider all of the following items filed to date in deciding the Creditor's Objection (which decision the Court will not make until after holding the hearing scheduled by paragraph 4, below): Docket ## 74, 78, 88, 94, 102, and 106.

4. The Court will hold a hearing on the Creditor's Objection (Docket # 74) on **Thursday, November 3, 2016 at 3:00 p.m.** This will not be an evidentiary hearing.[6]

5. Nothing further may be filed by either the Debtors or the Creditor, regarding the Creditor's Objection, unless written leave of Court is first obtained to do so. Anything filed in

---

6. If the Court concludes, after holding the November 3, 2016 hearing, that an evidentiary hearing is required, the Court will schedule an evidentiary hearing, to occur on a date after November 3, 2016.

violation of this prohibition will be stricken and disregarded.