BEYER, APPELLEE, v. MILLER, APPELLANT.

(No. 982—Decided May 5, 1951.)

*Messrs. Millikin, Reister & Fitton,* for appellee.
*Messrs. Baden & Fiehrer,* for appellant.

MATTHEWS, J. The plaintiff recovered a judgment for damages to a Plymouth automobile, which was being operated by one Lindner, sustained when it collided with an automobile operated by the defendant.

The defendant brought this appeal, urging two grounds for the reversal of the judgment.

The first ground is that there was no substantial evidence of negligence on his part, or, if there was such evidence, the evidence to the contrary was such

as to make the verdict manifestly against the weight of the evidence.

We have read and analyzed the evidence in order to reach a decision on this issue. It is true that in the number of witnesses the preponderance greatly favored the defendant, but, if the testimony of Lindner is believed, the defendant turned to the left side of the road into the automobile which Lindner was operating. We cannot say that his testimony is so improbable as to require the jury to reject it as a matter of law. Nor can we say that the jury would be unreasonable if it drew an inference of negligence therefrom.

The plaintiff alleged that he owned the automobile which was operated by Lindner. The defendant's general denial placed that allegation in issue. No certificate of title in proof of that allegation was introduced in evidence, and it is claimed that this is a fatal failure of proof. There is no doubt that under the language of Section 6290-4, General Code, the intent is to make the certificate the exclusive evidence of title, and that courts are forbidden to recognize any right, claim, or interest of any person in any motor vehicle, "unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued."

The mandatory character of this legislative enactment is emphasized in the case of *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, the syllabus of which is:

"Under the plain and unambiguous language of Section 6290-4, General Code, a court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle, without the production of a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the certificate of title law, and any other evidence of ownership is not of sufficient weight to sustain a verdict or judgment

where title must be proved as a condition precedent for the validity of such verdict or judgment.''

Because of the absence of a certificate of title, the Supreme Court affirmed the judgment of the Court of Appeals reversing a judgment for the plaintiff, but finding some evidence of plaintiff's title in the record, although insufficient to sustain a judgment because of the absence of the certificate of title, remanded the cause for a new trial.

In the case at bar, it is contended that the defendant stipulated that the plaintiff was the owner of the damaged Plymouth automobile. In the bill of exceptions filed by the defendant, no mention is made of any stipulation relating to the title to the automobile. However, the plaintiff filed an objection to the bill of exceptions, because it failed to include this language: ''It is agreed by and between the parties that the agreed amount of damages to the plaintiff's car was $400.''

The court found the objection well taken and ordered the stipulation included in the bill of exceptions.

It is clear that the dominant thought expressed by this stipulation is the amount of the damage. That was the subject of the agreement. The defendant in his answer denied that plaintiff owned the automobile. This agreement carries no implication that he intended to recede from that denial or to dispense with the kind of evidence required by Section 6290-4, General Code, to prove ownership of an automobile. At best, the agreement seems indefinite on this subject. At most, the stipulation does no more than take the place of the proof which the court, in *Mielke* v. *Leeberson,* held was evidence of ownership but was insufficient to sustain the judgment.

Lindner, the driver of the automobile, was the only witness for the plaintiff. He testified that he was the

plaintiff's father-in-law, and that he was going to Cincinnati to get some mail for his daughter. He was asked: "When you went to Cincinnati to get the mail you spoke about, did you use your car?" His answer was: "No, I used her's." There was no other evidence of any sort on the subject of ownership, excepting perhaps a lead pencil notation of the words, "Beyer's car," on one of the photographs introduced in evidence and then underneath the notation, in parenthesis, the word, "Lindner." There was no evidence as to when or by whom this notation was made. It may be that this notation would have some probative value, but it is difficult to see how it could have much weight.

It should also be mentioned that the stipulation does not purport to dispense with the production of a certificate of title. It certainly does not recognize that plaintiff had such a title, and, had it done so, a different question would have been presented.

It is said in 50 American Jurisprudence, 609, Section 8, on the subject of the construction to be placed on a stipulation, that "in seeking the intent of the parties the language used will not be so construed as to give it the effect of an admission of fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished."

Assuming that if a stipulation in express terms recognized the existence of a certificate of title and purported to dispense with its production it would be effective and make unnecessary the introduction in evidence of the certificate, notwithstanding Section 6290-4, General Code, we are of the opinion that the stipulation and agreement of counsel in this case does not meet that test. It does no more than refer to the "car" which was damaged as "the plaintiff's car." It makes no reference to the nature of the evidence of title. In *Mielke* v. *Leeberson, supra,* the plaintiff tes

tified that he was the "owner" of the automobile and still the court held that this evidence was insufficient to sustain the judgment. The agreement or stipulation in the instant case certainly goes no further than did the plaintiff's testimony in the *Mielke case*. It establishes by agreement the fact of ownership, which was testified to by the plaintiff in the *Mielke case*. Indeed, as already noted, it lacks the directness and positiveness of the testimony in the *Mielke case*.

On the authority of *Mielke* v. *Leeberson,* we are of the opinion that the judgment in the instant case must be reversed for lack of jurisdiction in the court to give effect to a title other than one evidenced by a certificate of title.

The only other question is whether final judgment should be entered, or the cause remanded for a new trial.

We are of the opinion that the stipulation and the notation on the photograph furnish as much evidence as existed in *Mielke* v. *Leeberson,* and in that case the court held that, while the evidence was insufficient to support the judgment, it was evidence, and, therefore, remanded the cause for a new trial. We will follow that course in this case.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur in the syllabus, opinion, and judgment.

Ross, J., not participating.