RAYMOND CAMMILE, SR., v. WILLIAM SANDERSON.

(*December* 2, 1953.)

CAREY, J., sitting.

*Donald W. Booker* for plaintiff.

*David Snellenburg, II,* (of Killoran and VanBrunt) for defendant.

Superior Court for New Castle County, No. 140, Civil Action, 1952.

CAREY, J.:

 Plaintiff's brief admits that Raymond Cammile, Jr. had the beneficial interest in the car, but argues that the father held the legal title which, he says, cannot be questioned by this defendant. The record permits no other inference than that the son was the true owner. He paid the original down payment and all subsequent installments from his own funds; he had exclusive control and use of the car; he furnished all the fuel and paid for all the repairs. The father had no connection with it in any way save that it was registered in his name at Dover. Admittedly, it was so registered solely for the son's benefit. Any possible presumption of a gift from the son to the father is effectively rebutted by the plaintiff's admission.

 If this action were a replevin suit between son and father, the former could clearly recover, upon proof of the facts here admitted. *Commercial Credit Co. v. McNelly*, 6 *W. W. Harr.* 88, 171 *A.* 446. In that case, this Court pointed out that the Delaware Act, in contrast to those of some states, does not establish an exclusive method of transferring title to a motor vehicle; on the contrary, it is primarily a police measure. Of course, rights may accrue to third persons who innocently rely upon the

registration record, for in a proper case the doctrine of estoppel would undoubtedly operate against a person who premits his car to be registered in the name of another. Moreover, the registration may be, and probably is, *prima facie* evidence of true ownership. 1 *Blashfield* 516. I find nothing in the statute, however, which bars a third person, in privity with neither the true owner nor the registered owner, from attacking the registration collaterally in an action at law, when his rights would otherwise be adversely affected.

■ Plaintiff's argument incorrectly assumes that our statute, Title 21, *Del. C.* Sec. 101, makes the registration certificate conclusive evidence of legal title. In some states this assumption would doubtless be sound. In Ohio, for example, the statute makes the certificate the exclusive evidence of title, and the Courts are forbidden to recognize any right, claim or interest of any person in a motor vehicle unless evidenced by such a certificate. Therefore, in a case involving damages to a car, the Ohio Court declined to accept any evidence other than the certificate to prove ownership of the damaged vehicle. *Beyer v. Miller*, 90 *Ohio App.* 66, 103 *N. E.* 2d 588. On the other hand, under statutes, which contain no such admonition, the certificate is no more than *prima facie* evidence of ownership, and Courts have accordingly permitted contrary proof, even by parties claiming no interest in the vehicle itself. *Knops v. Ordorica, Civ. Tex. App.*, 242 *S. W.* 2d 454; *Burakowski v. Grustas*, 134 *Conn.* 205, 56 *A.* 2d 461; *Farrelly v. Heuacker*, 118 *Fla.* 340, 159 *So.* 24; 1 *Blashfield* 516; 7 *A. L. R.* 2d 1344. Our statute is unlike that of Ohio, and is of the second type mentioned above.

■ The plaintiff suggests that he is entitled to sue under the terms of Rule 17 (a), *Del. C. Ann.*, "a party with whom or in whose name a contract has been made for the benefit of another". This provision of the rule, in my opinion, refers only to an action upon the contract which was made for the benefit of another; at least, I have found no instance where it was applied to any other type of case. *Cf.* 3 *Moore's Federal Practice* 1370.

Under the rule, the real party in interest is the one who, by the substantive law, has the right sought to be enforced. 3 *Moore's Federal Practice* 1305. Clearly, in an action for damage to personal property, this right is in the true owner of that property, provided no assignment or subrogation comes into the picture. *Steenburg v. Harry Braunstein, Inc.*, 6 *Terry* 588, 77 *A.* 2d 206, cited by plaintiff, is not controlling here. There, suit was brought in the name of the owner of a fur coat which, it was claimed, had been lost by defendant bailee. An insurance company had paid the amount of its policy to the plaintiff, and it was argued that the insurance company was the sole proper party to bring the action. The Court pointed out, however, that the coat may have had a value greater than the amount of the policy and to that extent the owner had a real interest in any recovery from defendant. Moreover, the Court did not hold that the insurance carrier was not also a proper party; it simply declined, in the exercise of its discretion, to bring in the insurance carrier as an additional plaintiff on defendant's motion.

It has been pointed out that there are two reasons why a defendant has the right to insist that an action brought against him shall be in the name of the real party in interest; first, that he may avail himself of all defenses which he has against the real party; second, that his payment to the plaintiff on plaintiff's recovery will fully protect him in the event of another suit upon the same cause. *McWhirter v. Otis Elevator Co., D. C. S. C.,* 40 *F. Supp.* 11. The first of those underlying purposes is of particular significance in the present case, as the son was driving the car at the time of the collision.

The record before me discloses that the present plaintiff has no interest in the prosecution of this action, and is not within any of the exceptions mentioned in the rule. Defendant's motion must, therefore, be granted.