**In re Patricia AMOS, Debtor.**

**Bankruptcy No. 95–13649.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 2, 1996.

Donald Butler, Cleveland, Ohio, for Debtor.

Waldemar J. Wojcik, Cleveland, Ohio, for Trustee.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

On November 7, 1995, the Trustee filed a motion seeking permission to sell a 1990 GMC Safari van (the "Van") titled in the Debtor's name. The Debtor objected on the ground that the Van is the property of her boyfriend, William T. Smith. The matter was tried before the Court on March 21st and the parties subsequently filed briefs in support of their positions. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This memorandum sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

*Facts*

The Debtor and Mr. Smith have lived together for three years. She clerks at a drug store and he is an electrician. In May 1995 he agreed to buy the Van from Gene Norris Chevrolet in Berea, Ohio for $11,365. He withdrew $12,000 from his account at Star Bank and on May 15 went to Gene Norris with the Debtor to close the purchase. At that time the dealer told him that the certificate of title to the Van could not be issued in his name because he did not have a driver's license. Mr. Smith's driver's license had been suspended sometime before he purchased the Van.

The reasons for the dealer's insistence are unclear. Mr. Smith understood that it was because of IRS requirements applicable to cash payments exceeding $10,000. His lawyer thought it was because the Ohio Bureau of Motor Vehicles would not issue a certificate of title or register a motor vehicle in the name of a person without a valid driver's license. There was, in any event, no evidence that Mr. Smith was precluded by law from owning the Van.

The certificate of title to the Van was issued in the Debtor's name. Following its purchase, Mr. Smith outfitted the Van to transport his electrical supplies and equipment. The Debtor leases her own car. She did not and does not use or drive the Van. In short, Mr. Smith bought the Van with his money for his sole and exclusive use. It was titled in the Debtor's name solely as an accommodation to surmount the problem of titling the Van in Mr. Smith's name which was raised by the dealer.

The Trustee does not dispute these facts or that Mr. Smith, not the Debtor, was intended to be the beneficial owner of the Van. The Debtor did, however, list the Van as an asset of her estate and claimed it as exempt. There is, however, no suggestion that she intended to mislead or deceive the Trustee or creditors. It was apparent at trial that the Debtor had no idea how to deal with a vehicle

titled in her name but which belonged to her boy friend.

### Analysis

These facts standing alone would require denial of the Trustee's motion on the ground that the Van is not property of the Debtor's estate under section 541(d) of the Bankruptcy Code. That section provides:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

The Trustee does not resist this conclusion on the facts. Rather he argues that section 4505.04 of the Ohio Certificate of Title Act, Ohio Revised Code § 4505.01, *et seq.*, compels the Court to treat the Debtor as owner of the equitable interest in the Van under the authority of *Butler v. Case (In re Case's Estate)*, 161 Ohio St. 288, 118 N.E.2d 836 (1954). The relevant provisions of section 4505.04 are as follows:

> (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until such person has had issued to him a certificate of title to the motor vehicle ... and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.
>
> (B) Subject to division (C) of this section no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
>
> (1) By a certificate of title ...;
>
> (2) By admission in the pleadings or stipulation of the parties;

> (3) In an action by a secured party to enforce a security interest perfected under sections 1309.01 to 1309.50 of the Revised Code in accordance with division (A) of section 4505.13 of the Revised Code, by an instrument showing a valid security interest.

Ohio Rev.Code Ann. § 4505.04 (Anderson 1993).

*Butler* involved a contest over the ownership of two cars between the daughter, in whose name they were titled, and the estate of her father, who had purchased them. The father kept the keys to the cars, maintained possession of them, paid the expenses and insurance, and retained the certificates of title, although he permitted his daughter to use them on occasion. The daughter and her husband testified that her father had said that he had titled the cars in her name so that she would obtain them free and clear of taxes when he died. Nevertheless, the probate court held that the facts did not support finding a gift to the daughter because of the extent of the decedent's control and use of the cars and held that the cars were property of the father's estate on a resulting trust theory. The court of appeals reversed and awarded the cars to the daughter and the Ohio Supreme Court sustained the reversal on the theory that section 4505.04 abrogated the common law of resulting trusts. Unlike *Butler*, however, this proceeding involves an express trust not a resulting trust.

The Debtor's agreement to take legal title to the Van in order to enable Mr. Smith to purchase it created an express trust with the Debtor as trustee and Mr. Smith the beneficiary. No formalities are required to create an express trust, and "[i]t is immaterial whether or not the settlor knows that the intended relationship is called a trust, and whether or not the settlor knows the precise characteristics of a trust relationship." Restatement (Third) of Trusts § 13, cmt. a (Tentative Draft No. 1 1996). "An express trust may be created even though the parties do not understand what a trust is...." *Norris v. Norris*, 57 N.E.2d 254, 258, 40 Ohio Law Abs. 293 (Ohio Ct.App.1943).

A resulting trust, on the other hand, is inferred from the nature of the transaction. "[U]nlike the express trust, which arises from a transferor's manifestation of intention to create it, a resulting trust arises from an intention that is legally attributed to a transferor based on the nature of the transaction rather than from manifested intent." Restatement (Third) of Trusts § 7 cmt. a (Tentative Draft No. 1 1996).

The inference of resulting trust makes it unnecessary to prove by affirmative evidence an intention to create a trust, or to reserve a trust interest, in favor of the transferor. In fact, if it is shown that the transferor manifested in proper form an intention that the property or the interest in question is to be held in trust wholly or partially for the transferor's own benefit, the provision creates an express trust or an express trust interest. Accordingly, in this situation, there is no resulting trust.

*Id.*

So far as the Court can discover no Ohio case has held, or even suggested, that section 4505.04 would require forfeiture of the beneficiaries' interest under an express trust where only the trustee is named in the certificate of title, and several cases have stated that section 4505.04 does not preclude express trusts. *See In re Robert E. Lee, Inc.,* 129 F.Supp. 920 (N.D.Ohio 1955); *Douglas v. Hubbard,* 91 Ohio App. 200, 107 N.E.2d 884 (Ohio Ct.App.1951); *c.f. U.S. v. Birns,* 395 F.2d 943 (6th Cir.1968); *In re Gunder,* 8 B.R. 390 (Bankr.S.D.Ohio 1980).

*Butler* involved a contest between two parties claiming the beneficial ownership of the automobiles. This is the sort of contest section 4505.04 was intended to resolve.

The purpose of the Certificate of Title Act is to prevent the importation of stolen motor vehicles, to protect Ohio bona-fide purchasers against thieves and wrongdoers, and to create an instrument evidencing title to and ownership of motor vehicles.

*Hughes v. Al Green, Inc.,* 65 Ohio St.2d 110, 115, 418 N.E.2d 1355, 1358 (1981).

Although Hughes involved another U.C.C. section, we hold that the thesis underlying that decision is applicable here.

Indeed, it is apparent that R.C. 4505.04 is irrelevant to all issues of ownership except those regarding the importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership.

*Smith v. Nationwide Mutual Insurance Co.,* 37 Ohio St.3d 150, 153, 524 N.E.2d 507, 509 (1988). In this proceeding, however, there is no dispute as to who was intended to own the beneficial interest in the Van.

In *Butler* the effect of the Supreme Court's decision was to confirm ownership in the daughter who was not only the natural object of her father's generosity but also the intended donee of the cars. In this case, by contrast, employing section 4505.04 to give the Debtor beneficial ownership of the Van would enrich the Debtor's estate and her creditors without justification.

Since *Butler,* the courts have limited section 4505.04 to accomplish its objectives without resulting in such unpalatable and arbitrary results. In *Birns, supra,* the defendant attempted to invoke section 4505.04 to escape liability for not disclosing his beneficial interest in automobiles he had titled in his daughter's name. In *Smith, supra,* the Ohio Supreme Court held that the Uniform Commercial Code, not section 4505.04, governed ownership of an automobile for purposes of allocating risk of loss between buyer and seller. There is, therefore, no reason to expect that the Ohio courts would interpret section 4505.04 to invalidate express trusts where doing so would further none of the purposes the Supreme Court has said that the section was intended to achieve.

The Trustee argues that the Debtor could have sold the Van to a bona fide purchaser thereby cutting off the Debtor's ownership interest under section 4505.04(A). Although this contention appears correct, it does not, as the Trustee argues, permit him to avoid Mr. Smith's interest under section 544(a) of the Bankruptcy Code, the so-called strong arm statute which provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of,

or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544. There is no evidence or authority to suggest that a hypothetical creditor of the Debtor could have avoided Mr. Smith's interest under subsections (1) or (2) of section 544(a). Subsection (3) does give the Trustee the rights of a bona fide purchaser, but only in respect of real property.

Finally, there is the question of whether the purpose for putting the Van in the Debtor's name should preclude recognition of Mr. Smith's beneficial ownership. Mr. Smith acquired and drove the Van despite the suspension of his license. The dealer required that the certificate be issued in the Debtor's name because Mr. Smith did not have a valid license. The Trustee presented no evidence or argument that the arrangement broke any law. The dealer's motivations remain unclear. From Mr. Smith's testimony it appears that the dealer's concern was with a cash payment of more than $10,000, which suggests money laundering regulations. In any event there is nothing in the record to suggest that a person must have a valid driver's license to own a motor vehicle in Ohio or that this Court may cause Mr. Smith to forfeit ownership of the Van because he drove it without a license.

Consistent with the foregoing, the Court concludes that the Van does not constitute property of the Debtor's estate under section 541(d) and the Trustee's motion to sell the Van should be denied.