### In re Kimberly D. WARD, Debtor.

### No. 02–35783.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 24, 2003.

Barry S. Galen, Esq., Dayton, OH, for the Debtor, Kimberly Ward.

Stephen D. Brandt, Esq., Dayton, OH, for the Chapter 7 Trustee, Ruth A. Slone.

Ruth A. Slone, Esq., Dayton, OH, Chapter 7 Trustee.

## DECISION ON ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT [DOC. 44] AND AMENDED MOTION TO COMPEL TURNOVER OF PROPERTY [DOCS. 26–1, 2] AND GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEBTOR

THOMAS F. WALDRON, Chief Judge.

### Background

The facts necessary for this decision are either stipulated to by the parties [Doc. 45] or a matter of uncontradicted filings in the record of this bankruptcy case. On August 7, 2002, the Debtor, Kimberly D. Ward, filed a chapter 7 bankruptcy. [Doc. 1–1] The appointed chapter 7 Trustee, Ruth Slone, discovered, during the examination of the Debtor, that she failed to list a 1996 Dodge Dakota, VIN 1B7FL26P3TS570164, (the "vehicle"), as property of the Debtor on any of her Schedules. The Debtor did disclose the vehicle in her Statement of Financial Affairs (Question 14), in which she listed the vehicle with Tyler Ward, the Debtor's son, as the owner. The certificate of title issued by the state of Ohio on March 29, 2002 lists only the Debtor as the owner. [Docs. 1–1 and Doc. 45 (Exhibit A)]

The parties have stipulated [Doc. 45] that: "[a]n express trust exists creating an equitable interest in this vehicle in favor of Tyler Ward."; "Tyler Ward's equitable interest is not noted on the title."; "Charles J. Ward is the father of Tyler Ward, the former husband of Kimberly D. Ward and the owner of the 1996 Dodge Dakota prior

694

to the title being transferred to Kimberly D. Ward." and "Debtor, Kimberly D. Ward was never on the Title prior to taking title in trust as stipulated herein."

The parties were unable to reach an agreed resolution and on February 21, 2003, the Trustee, pursuant to 11 U.S.C. § 521, Bankruptcy Rule 4002 and LBR 4002–1, filed a Motion To Compel Turnover Of Property [Doc. 25–1] to obtain an order requiring the Debtor to turnover the vehicle. On March 3, 2003, the Trustee filed an Amended Motion To Compel Turnover of Property [Docs. 26–1, 2], which included a twenty day notice period for response as required by LBR 9013–1(a). On March 25, 2003, the Debtor filed a Reply to Trustee's Motion to Turnover Property. [Doc. 27–1] The court conducted a pretrial conference on April 22, 2003. [See Docs. 28–1 and 31] Following a Trustee's Report on June 20, 2003 [Doc. 33], the court held a further pretrial conference on July 25, 2003. [See Docs. 34 and 42] After that pretrial conference, the court issued an order which provided the parties would file written stipulations and the Trustee would file a motion for summary judgment not later than August 25, 2003. [Doc. 41] The Trustee's Motion for Summary Judgment was filed on August 25, 2003. [Doc. 44] Stipulations of the parties were also filed on August 25, 2003. [Doc. 45] The Debtor did not file a response or a cross motion for summary judgment.

### Issue

If the Ohio certificate of title lists the Debtor as the sole owner of the vehicle, but evidence establishes the ownership interest in the vehicle is held for a family member pursuant to an unrecorded express trust, is the ownership interest in the vehicle included as property of the estate pursuant to 11 U.S.C. § 541(a) or is the ownership interest in the vehicle ex-cluded from property of the estate pursuant to 11 U.S.C. § 541(d)? The court holds the ownership interest in the vehicle is excluded from property of the Debtor's chapter 7 estate pursuant to 11 U.S.C. § 541(d) and, accordingly, is not subject to turnover to the Trustee.

### Jurisdiction

This proceeding arises in a case referred to this court by the Standing Order Of Reference entered in this District on July 30, 1984 and is determined to be a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

### Standard of Review

Summary judgment in an adversary proceeding is governed by Bankruptcy Rule 7056, incorporating Rule 56 of the Federal Rules of Civil Procedure. The standard for summary judgment is:

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 198 (6th Cir. BAP 1998)

A material fact is one whose resolution will affect the determination of the underlying action. An issue is genuine if a rational trier of fact could find in favor of either party on the issue. "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994)

*Id.* at 198–99 (internal citations omitted).

■ Further, although the Debtor did not file a cross-motion for summary judgment,

Federal Courts have long recognized that if there is no genuine issue as to any material fact the court may enter summary judgment, *sua sponte.* There is no requirement that there be a cross-motion or other pending motion seeking such summary judgment.

*Ledford, Chapter 13 Trustee v. Tiedge (In re Sams),* 106 B.R. 485, 491 (Bankr. S.D.Ohio 1989) It is particularly appropriate in this case because the dispositive issue in the Trustee's turnover and summary judgment motions is the same. As the United States Supreme Court stated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986):

> Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.

The Trustee was clearly on notice from the court that all evidence related to both the amended turnover motion and the summary judgment motion was to be presented.

### *Analysis*

11 U.S.C. § 541(a) provides in relevant part:

> The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(d) states that:

Property in which the debtor holds, as of commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

■ The Trustee argues that under the Ohio Certificate of Motor Vehicle Title Law, specifically Ohio Rev.Code § 4505.04 (Anderson 2003), and Ohio case law interpreting that statute, all legal and equitable ownership interests in the vehicle are determined solely by the certificate of title.

Ohio Rev.Code Ann. § 4505.04 states, in relevant part, that:

(A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle ... and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to ... the motor vehicle, for a valuable consideration.

(B) Subject to division (C) of this section[1], no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

(1) By a certificate of title ....

In *Bavely v. Powell (In re Baskett),* 219 B.R. 754, 761–62 (6th Cir. BAP 1998), the court held that an express trust, for a beneficiary other than the debtor, would prevent the ownership interest in the vehicle from being included in the property of the debtor's estate, even though the vehi-

1. Ohio Rev.Code § 4505.04(C) is not relevant to the Trustee's motions.

cle was titled in only the debtor's name. The *Baskett* court cited the earlier decision of *In re Amos,* 201 B.R. 184 (Bankr. N.D.Ohio 1996). In *Amos,* the chapter 7 trustee sought to sell a vehicle titled in only the debtor's name. A dealer, who previously was the titled owner of the vehicle, would not sell it to the debtor's boyfriend; instead, upon sale of the vehicle, the Ohio certificate of title was issued in only the debtor's name. The debtor's boyfriend paid for the vehicle. The debtor did not use or drive the vehicle. The court found an express trust existed under Ohio law and Ohio Rev.Code § 4505.04(A) did not prevent the beneficiary of the express trust from retaining the ownership interest in the vehicle. The court held that although the debtor was the sole owner listed on the Ohio certificate of title, she was also the undisclosed trustee of an express trust which prevented the ownership interest in the vehicle from being included as property of her bankruptcy estate, since this ownership interest in the vehicle belonged only to the debtor's boyfriend.

The Trustee's reliance on prior Ohio law addressing issues of a resulting trust does not support the Trustee's position in this case. In *Butler v. Case (In re Case's Estate),* 161 Ohio St. 288, 118 N.E.2d 836 (1954), syllabus (paragraph three) the Supreme Court of Ohio held that "[b]y reason of ... 4505.04 ..., a resulting trust with respect to a motor vehicle can not be created in Ohio." The Supreme Court of Ohio has defined a resulting trust as:

[O]ne that the court of equity declares to exist where the legal estate in property is transferred or acquired by one under circumstances indicating that the beneficial interest is not intended to be enjoyed by the holder of the legal title. *First Natl. Bank of Cincinnati v. Tenney* (1956), 165 Ohio St. 513, 515, 60 O.O. 481, 138 N.E.2d 15. See, also, Comment *b* to Section 160 of the Restatement of the Law, Restitution (1937) 642. *Generally resulting trusts have been recognized ... where express trusts fail, in whole or in part.* 165 Ohio St. at 515–516, 60 O.O. 481, 138 N.E.2d 15.

*University Hospitals of Cleveland v. Lynch,* 96 Ohio St.3d 118, 129, 772 N.E.2d 105, 116–17 (2002) (underlining added) Thus, under Ohio law, an express trust is not the same as a resulting trust. The distinction is well explained by the bankruptcy court in *Amos:*

*Butler* involved a contest over the ownership of two cars between the daughter, in whose name they were titled, and the estate of her father, who had purchased them. The father kept the keys to the cars, maintained possession of them, paid the expenses and insurance, and retained the certificates of title, although he permitted his daughter to use them on occasion. The daughter and her husband testified that her father had said he had titled the cars in her name so that she would obtain them free and clear of taxes when he died. Nevertheless, the probate court held that the facts did not support finding a gift to the daughter because of the extent of the decedent's control and use of the cars and held the cars were property of the father's estate on a resulting trust theory. The court of appeals reversed and awarded the cars to the daughter and the Ohio Supreme Court sustained the reversal on the theory that section 4505.04 abrogated the common law theory of resulting trusts. Unlike *Butler,* however, this proceeding involves an express trust and not a resulting trust. The Debtor's agreement to take legal title to the Van in order to enable Mr. Smith to purchase it created an express trust with the Debtor as trustee and Mr. Smith as the beneficiary. No formalities are required to create an express

trust, and "[i]t is immaterial whether or not the settlor knows that the relationship is called a trust, and whether or not the settlor knows the precise characteristics of a trust relationship." Reinstatement (Third) of Trusts § 13, cmt. a (Tentative Trust No. 1 1996). "An express trust may be created even though the parties do not understand what a trust is . . ." *Norris v. Norris*, 57 N.E.2d 254, 258, 40 Ohio Law Abs. 293 (Ohio Ct.App.1943)

A resulting trust, on the other hand, is inferred from the nature of the transaction. "[U]nlike the express trust, which arises from a transferor's manifestation of intention to create it, a resulting trust arises from an intention that is legally attributed to a transferor based on the nature of the transaction rather than from manifested intent." Restatement (Third) of Trusts § 7 cmt. a (Tentative Draft No. 1 1996)

> The inference of [a] resulting trust makes it unnecessary to prove by affirmative evidence an intention to create a trust, or to reserve a trust interest, in favor of the transferor. In fact, if it is shown that the transferor manifested in proper form an intention that the property or the interest in question is to be held in trust wholly or partially for the transferor's own benefit, the provision creates an express trust or an express trust interest. Accordingly, in this situation, there is no resulting trust. *Id.*

*Amos* at 186–87.

The *Amos* court further noted that an express trust is not prohibited by Ohio Rev.Code § 4505.04:

> So far as the court can discover no Ohio case has held, or even suggested, that section 4505.04 would require forfeiture of the beneficiaries' interest under an express trust where only the trustee is named in the certificate of title, and

several cases have stated that section 4505.04 does not preclude express trusts. (citations omitted)

> Butler involved a contest between two parties claiming the beneficial ownership of the automobiles. This is the sort of contest section 4505.04 was intended to resolve.

*Id.* at 187.

The purpose of Ohio Rev.Code § 4505.04(A) has been repeatedly stated by the Supreme Court of Ohio:

> The purpose of the Certificate of Title Act is to prevent the importation of stolen motor vehicles to protect Ohio bonafide purchasers against thieves and wrongdoers, and to create an instrument evidencing title to and ownership of motor vehicles.

*Id.*, citing *Hughes v. Al Green, Inc.*, 65 Ohio St.2d 110, 115, 418 N.E.2d 1355, 1358 (1981).

In this case, as the stipulations establish, the express intent of the parties was for the Debtor's son to have sole ownership interest in the vehicle. The application of an express trust in this case is not at odds with the objectives of Ohio Rev.Code § 4505.04. As further explained by the *Amos* court:

> Since Butler, the courts have limited section 4505.04 to accomplish its objectives without resulting in such unpalatable and arbitrary results. In *Birns, supra,* the defendant attempted to invoke section 4505.04 to escape liability for not disclosing his beneficial interest in automobiles he had titled in his daughter's name. In *Smith, supra,* the Ohio Supreme Court held that the Uniform Commercial Code, not section 4505.04, governed ownership of an automobile for purposes of allocating risk of loss between buyer and seller. *There is, therefore, no reason to expect that the Ohio courts would interpret section 4505.04 to invalidate express trusts where doing so*

*would further none of the purposes the Supreme Court has said that the section was intended to achieve.*

*Amos* at 187 (emphasis added).

As noted in *Amos,* other Ohio decisions which have addressed the applicability of Ohio Rev.Code § 4505.04(A) have further limited *Butler.* In *United States v. Birns,* 17 Ohio Misc. 187, 395 F.2d 943 (6th Cir. 1968), the court allowed evidence of ownership beyond the certificate of title to be admitted as evidence in a criminal proceeding. In *Hughes v. Al Green, Inc.,* 65 Ohio St.2d 110, 418 N.E.2d 1355 (1981), syllabus, the Supreme Court of Ohio held that "[w]here a motor vehicle identified to a purchase contract is damaged, lost or destroyed prior to the issuance of a certificate of title in the buyer's name, the risk of such damage, loss or destruction lies with either the seller or the buyer as determined by the rules set forth in R.C. 1302.53 (U.C.C. 2–509)." In *Smith v. Nationwide Mut. Ins. Co.,* 37 Ohio St.3d 150, 524 N.E.2d 507 (1988), the Supreme Court of Ohio, citing *Hughes,* found that the Uniform Commercial Code, and not the Ohio Certificate of Title Motor Vehicle Law, controlled in determining whether a seller's insurance policy applies to the risk of loss or damage after a vehicle sale.

Counsel for the Trustee argues that a more recent Supreme Court of Ohio case, decided subsequent to *Baskett* and *Amos,* requires a decision adopting the Trustee's position. See *Saturn of Kings Automall, Inc. v. Mike Albert Leasing, Inc.,* 92 Ohio St.3d 513, 751 N.E.2d 1019 (2001) In *Saturn,* the Supreme Court of Ohio found that Ohio Rev.Code § 4505.04(A) controlled over competing provisions of the Ohio version of the Uniform Commercial Code, in a commercial setting, in determining competing claims of automobile dealers concerning the ownership of vehicles. This court notes that *Saturn* simply does not mention, much less address, the issue of an express trust. As stated by the court in framing the case for resolution, "[t]he primary issue presented for our review is whether a person may acquire legal ownership of a motor vehicle without transfer to that person of the vehicle's certificate of title." *Id.* at 515, 751 N.E.2d at 1021. The opinion never mentions, in either its majority opinion or dissent, in either its holding or dicta, the issue of an express trust. There is no reported decision which holds an express trust granting ownership interest in a vehicle is prohibited by Ohio Rev.Code § 4505.04(A).

Moreover, the Sixth Circuit Court of Appeals has noted that "[a] debtor that served prior to bankruptcy as trustee of an express trust generally has no right to the assets kept in trust, and the trustee in bankruptcy must fork them over to the beneficiary." *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443, 1449 (6th Cir.1994)

The distinction between express trusts and their legal rights and other trusts and their equitable remedies is helpful in understanding the bankruptcy court decisions (*Amos, Baskett, Omegas Group*) in this area. An express trust, from its inception, excludes a beneficiary's ownership interest from being a part of the property which constitutes a debtor's estate in a bankruptcy case. The Bankruptcy Code specifically recognizes this exclusion (11 U.S.C. § 541(d)) from what would otherwise be property of the estate (11 U.S.C. § 541(a)). As a result of recognizing an express trust, the bankruptcy estate is not diminished—the beneficiary's interest was never a part of the bankruptcy estate—and no creditor has obtained any property in preference to any other creditor—the beneficiary's interest was never available for any creditor.

Other trusts, which impose an equitable remedy, are disfavored in bankruptcy since, from their inception, they address

an interest which is already part of the bankruptcy estate and attempt to exclude, or allocate, this interest it in a manner inconsistent with bankruptcy principles. The bankruptcy estate is diminished by attempting to subsequently exclude property initially included in a bankruptcy estate or to allocate such property to one creditor in preference to other creditors.

In this case, as the stipulations establish, the ownership interest in the vehicle was, from its inception, not part of the Debtor's property. The vehicle belonged to the father. He transferred the ownership interest to his son by an express trust. The Debtor never had any ownership interest in the vehicle. The bankruptcy estate has not been diminished by the existence of this express trust—the ownership interest in the vehicle never belonged to the Debtor, and no creditor has obtained any property in preference to another—the ownership interest in the vehicle was never available for any creditor. The language of 11 U.S.C. § 541(d) recognizes the existence of express trusts under Ohio law and is further supported by Sixth Circuit authority which is contrary to the Trustee's position.

### Conclusion

Accordingly, the court determines the Debtor's son, Tyler Ward, holds the ownership interest in the vehicle pursuant to an unrecorded express trust and this ownership interest in the vehicle is excluded from property of the estate pursuant to 11 U.S.C. § 541(d). The debtor has no obligation to turnover the vehicle to the Trustee. The Trustee's Motion For Summary Judgment [Doc. 44] and the Amended Motion To Compel Turnover Of Property [Docs. 26–1, 2] are **DENIED**. Summary judgment is **GRANTED** in favor of the Debtor. Orders in accordance with this decision shall be simultaneously entered.

**SO ORDERED.**

ORDER ON DECISION DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT [DOC. 44] AND AMENDED MOTION TO COMPEL TURNOVER OF PROPERTY [DOCS. 26–1, 2] AND GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEBTOR

In accordance with the *Decision on Order Denying Trustee's Motion For Summary Judgment [Doc. 44] and Amended Motion To Compel Turnover of Property [Docs. 26–1, 2] and Granting Summary Judgment In Favor of The Debtor* simultaneously entered, the Trustee's Motion For Summary Judgment [Doc. 44] and the Amended Motion To Compel Turnover Of Property [Docs. 26–1, 2] are **DENIED**. Summary judgment is **GRANTED** in favor of the Debtor.

**SO ORDERED.**