In re Mollie Ann PHILLIPS, Debtor.

William Todd Drown, Trustee Plaintiff,

v.

Carrie Hill (FKA Zedekar), Defendant.

Bankruptcy No. 08–62576.
Adversary No. 09–02325.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 10, 2010.

William Todd Drown, Mount Vernon, OH, Attorney for Plaintiff.

Kenneth J. Molnar, Galena, OH, for Debtor.

### MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration upon the Motion for Summary Judgment (Doc. # 18) filed by William Todd Drown, Trustee (hereinafter "Plaintiff" or "Trustee") and the Response (Doc. # 21) filed by Carrie Hill (hereinafter "Defendant") in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). However, determination of credibility, weight of the evidence, and legitimate inferences from the facts remain the province of the jury. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.),* 119 F.3d 409, 412 (6th Cir.1997); *see also Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. Findings of Fact

The undisputed facts may be summarized as follows: In December 2006, Defendant's father, Richard Zedekar, purchased a 2004 Chevrolet Trailblazer (VIN: 1GNET16S946118926) ("Vehicle"). Mr. Zedekar paid $16,703 for the Vehicle. Debtor contributed no funds for the purchase. At the time of the purchase of the Vehicle, Mr. Zedekar did not have a valid driver's license, so he caused the Certificate of Title to be issued reflecting Debtor as owner. The Vehicle was maintained and operated by Defendant and her father.

Debtor did not use the Vehicle as a means of transportation, except on rare occasions for household errands. On or about August 25, 2007, Debtor transferred the title to the Vehicle to Defendant because Mr. Zedekar prohibited Debtor from using the Vehicle and therefore she didn't want the Vehicle titled in her name. The transfer of the title to the Vehicle was without any consideration to Debtor. Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on December 24, 2008. William Todd Drown ("Trustee") is the duly appointed trustee of the bankruptcy estate.

Trustee commenced the instant adversary proceeding, seeking to avoid the transfer of the Vehicle as a fraudulent transfer pursuant to 11 U.S.C. § 548. Trustee alleges that the transfer of the title to the Vehicle was made without reasonably equivalent value while the Debtor was insolvent. Defendant counters that the Debtor was not the beneficial owner of the Vehicle. Defendant argues that the arrangement between Debtor and Mr. Zedekar formed an express trust and that Debtor held the title in trust for the benefit of Mr. Zedekar. Because Mr. Zedekar was the actual equitable owner of the Vehicle, the transfer of the title to the Vehicle was a transfer of the legal interest and not the beneficial interest in the Vehicle; thus, the transfer from Debtor was not fraudulent and cannot be avoided.

### III. Law and Analysis

The scope of the bankruptcy estate is described in 11 U.S.C. § 541, which in pertinent part states that:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section all legal and equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a). Notwithstanding the broad reach of subsection (a), certain property is excluded from bankruptcy estate:

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d). Defendant asserts that the arrangement between Debtor and Mr. Zedekar created an express trust as to ownership of the motor vehicle.

Trustee contends that under Ohio Certificate of Motor Vehicle Title Law, Ohio Rev.Code § 4505.01, et seq., specifically Ohio Rev.Code § 4505.04, and Ohio case law interpreting that statute, all legal and equitable ownership interest in the vehicle are determined solely by the certificate of title. Ohio Rev.Code § 4505.04 states that:

(A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle ... and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to ... the motor vehicle, for a valuable consideration.

(B) Subject to division (C) of this section, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

(1) By a certificate of title....

Ohio Rev.Code § 4505.04. Based on this, Trustee insists that questions of vehicle ownership are determined by the certificate of title.

### 1. Ohio Law on Express Trusts.

■ In common law, an express trust is defined as "a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." *Norris v. Norris*, 57 N.E.2d 254, 258, 40 Ohio Law Abs. 293 (Ohio Ct.App.1943) (citations omitted). This Court has previously recognized that "[n]o formalities are required to create an express trust, and '[i]t is immaterial whether or not the settlor knows that the relationship is called a trust, and whether or not the settlor knows the precise characteristics of a trust relationship.'" *In re Ward*, 300 B.R. 692, 697 (Bankr.S.D.Ohio 2003) (quoting Reinstatement (Third) of Trusts § 13, cmt. a (Tentative Draft No. 1 1996)). "It is not necessary that the [parties] express in terms an intention to create the trust relationship.... An express trust may be created even though the parties do not understand what a trust is...." *Norris*, 57 N.E.2d at 258. Debtor's agreement to take legal title in order to facilitate Mr. Zedekar's purchase of the Vehicle created an express trust with the Debtor as trustee and Mr. Zedekar the beneficiary.

### 2. Trust Ownership of Motor Vehicles and Ohio Rev.Code § 4505.04.

■ The matter before this Court is whether Ohio Rev.Code § 4505.04 abrogated the common law theory of express trust with respect to ownership of motor vehicles.

The Ohio Certificate of Motor Vehicle Title Law, Ohio Rev.Code § 4505.01, *et seq.*, was enacted in order to "create an instrument evidencing title which would more adequately protect innocent purchasers of motor vehicles." *Kelley Kar Co. v. Finkler*, 155 Ohio St. 541, 545, 99 N.E.2d 665, 667, 44 O.O. 494, 496 (1951). Many of the Ohio cases interpreting Ohio Rev.Code § 4505.04 have involved a contest between two parties claiming beneficial ownership of an automobile, an issue that the Certificate of Title Act was intended to resolve. *See Saturn of Kings Automall, Inc. v. Mike Albert Leasing, Inc.*, 92 Ohio St.3d 513, 751 N.E.2d 1019 (2001); *Butler v. Case (In re Case's Estate)*, 161 Ohio St. 288, 118 N.E.2d 836 (1954). As articulated in *Hughes v. Al Green, Inc.*, 65 Ohio St.2d 110, 19 O.O.3d 307, 418 N.E.2d 1355 (1981), the legislative purpose behind the act "is to prevent the importation of stolen motor vehicles, to protect Ohio bona-fide purchasers against thieves and wrongdoers, and to create an instrument evidencing title to, and ownership of, motor vehicles." *Hughes*, 65 Ohio St.2d at 115, 418 N.E.2d 1355.

In support of his position, Trustee cites *Beyer v. Miller*, 90 Ohio App. 66, 103 N.E.2d 588 (1951), in which the court stated in the syllabus that "a certificate of title is made the exclusive evidence of ownership of a motor vehicle, and no right or title otherwise proven can be recognized by the courts."[1] *Miller*, 90 Ohio App. at

---

1. *Miller* was based on Ohio General Code § 6290–4, a predecessor to current statute Ohio Rev.Code § 4505.04. Ohio General Code § 6290–4 provided:

66, 103 N.E.2d 588. The *Miller* Court relied on *Mielke v. Leeberson*, 150 Ohio St. 528, 83 N.E.2d 209 (1948). In that case, the parties were involved in an automobile collision and the plaintiff later brought suit against the defendant for damages to the automobile. The defendant responded by challenging plaintiff's ownership of the vehicle absent a Certificate of Title. In *Leeberson*, the Ohio Supreme Court held that:

> Plaintiff in the present case did not put in evidence a certificate of title which would show that he was the owner of the Chrysler automobile he was driving at the time of the collision, and, therefore, the court could not recognize his title, but that is not saying there was no evidence of plaintiff's ownership ... It was not sufficient under Section 6290–4, General Code, and, therefore, the verdict [awarding damages to plaintiff], in the absence of evidence of certificate of title, was not sustained by sufficient evidence....

*Id.* at 214.

Based on this, Trustee insists that Ohio Rev.Code § 4505.04 requires a Certificate of Title to determine the question of ownership in a motor vehicle. Trustee thinks *Miller* and *Leeberson* controlling on the present issue of whether the parties have the ability to form an express trust with respect to the ownership of the Vehicle.

■ At issue today is a question of equitable interest. A discussion on this subject emerged in the matter of *Butler v. Case (In re Case's Estate)*, 161 Ohio St. 288, 118 N.E.2d 836 (1954). That case involved a contest over ownership of two vehicles between the daughter, in whose name they were titled, and the estate of her father, who had purchased and maintained possession of them. The daughter and her husband testified that her father placed the title under her name so that she would obtain the vehicles free and clear of taxes when he died. The probate court held that the vehicles were property of the father's estate under a resulting trust theory, while the court of appeals reversed and awarded the cars to the daughter. On appeal, the Ohio Supreme Court held that "the common law of resulting trusts is completely abrogated, so far as motor vehicles are concerned...." *Id.* at 840. The Ohio Supreme Court has defined a resulting trust as:

> ... one that the court of equity declares to exist where the legal estate in property is transferred or acquired by one under circumstances indicating that the beneficial interest is not intended to be enjoyed by the holder of the legal title. *First Natl. Bank of Cincinnati v. Tenney* (1956), 165 Ohio St. 513, 515, 60 O.O. 481, 138 N.E.2d 15. *See also*, Comment *b* to § 160 of the Restatement of the Law, Restitution (1937) 642. Generally resulting trusts have been recognized in three situations ... (1) purchase-money trusts, (2) instances where an express trust does not exhaust the *res* given to

"No person acquiring a motor vehicle from the owner thereof, whether such owner be a manufacturer, importer, dealer or otherwise, hereafter shall acquire any right, title, claim, or interest in or to said motor vehicle until he shall have had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for the same; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or manufacturer's or importer's certificate for said motor vehicle for a valuable consideration. No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

the trustee, and (3) where express trusts fail, in whole or in part. 165 Ohio St. at 515–516, 60 O.O. 481, 138 N.E.2d 15. *University Hospitals of Cleveland v. Lynch*, 96 Ohio St.3d 118, 129, 772 N.E.2d 105, 116–17 (2002). Thus, Ohio law distinguishes between express and resulting trusts. The Restatement (Third) of Trusts § 7 cmt. a (2003) notes that "[U]nlike the express trust, which arises from a transferor's manifestation of intention to create it, a resulting trust arises from an intention that is legally attributed to a transferor based on the nature of the transaction, rather than from manifested intent." While Ohio courts no longer recognize the theory of resulting trusts as to motor vehicles, the same cannot be said for express trusts:

> So far as the court can discover no Ohio case has held or even suggested, that section 4505.04 would require forfeiture of the beneficiaries' interest under an express trust where only the trustee is named in the certificate of title, and several cases have stated that section 4505.04 does not preclude express trusts.

*In re Amos*, 201 B.R. 184, 187 (Bankr. N.D.Ohio 1996). Indeed, in *Robert E. Lee, Inc.*, the United States District Court for the Northern District of Ohio stated:

> The Legislature, in the enactment of the certificate of title law, was concerned with legal title and not beneficial interests. By this legislation, the legislators sought to prevent fraud in the sale of motor vehicles and the sale of stolen motor vehicles. It was not intended to change the substantive law and place motor vehicles outside of the operation of the law of trusts.

*Robert E. Lee, Inc.*, 129 F.Supp. 920, 926 (N.D.Ohio 1955). It is neither contended from the facts nor suggested by either party that the agreement between Debtor and Mr. Zedekar formed a resulting trust; rather, it is clear that Mr. Zedekar created an express trust when he elicited Debtor to hold legal title so that valid license tags could be obtained for the Vehicle.

This Court has previously addressed the issue of express trusts in a setting virtually identical to the instant case. In *Ward*, 300 B.R. 692, the Chapter 7 Debtor held legal title to a car that was purchased by the former husband and operated by Debtor's son. The son's equitable interest was not noted on the title. The issue before the court was whether the existence of an express trust excluded the property from the bankruptcy estate, even if the Certificate of Title reflected Debtor as the sole owner of the vehicle. The court held that "the express intent of the parties was for the Debtor's son to have sole ownership of the vehicle. The application of an express trust in this case is not at odds with the objectives of Ohio Rev.Code § 4505.04." *Id.* at 698.

Other decisions interpreting Ohio Rev. Code § 4505.04 have reached the same conclusion. In the case of *Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 761–62 (6th Cir.BAP1998), the court held that an express trust, for a beneficiary other than the debtor, would exclude the property from a debtor's estate, even though the vehicle was titled in the debtor's name. *See also In re Groves*, 2006 WL 6211798 (Bankr.N.D.Ohio 2006) (ruling that holding legal title for the benefit of another under an express trust excluded property from Debtor's estate); *In re Amos*, 201 B.R. 184 (Bankr.N.D.Ohio 1996) (court held that chapter 7 Debtor created an express trust when she held legal title for her boyfriend's car, and neither Ohio law nor Ohio Rev.Code § 4505.04 prevented the beneficiary of the express trust from retaining the ownership interest in the vehicle.).

A single exception to this line of cases is *In re Caddarette*, 362 B.R. 829 (Bankr.

N.D.Ohio 2006), in which the court held that a vehicle titled to a Chapter 7 debtor was property of the bankruptcy estate and must be turned over to the trustee. The vehicle had been purchased by the debtor's minor son with his inheritance and he was the sole user of the vehicle, while debtor held title. The court declined to follow the ruling in *Baskett*, but instead applied the holding of *Saturn of Kings Automall, Inc. v. Mike Albert Leasing, Inc.*, 92 Ohio St.3d 513, 751 N.E.2d 1019 (2001), in which the Ohio Supreme Court ruled that legal ownership of a motor vehicle does not pass without issuance or delivery of the certificate of title. The *Caddarette* court explained that the plain language of Ohio Rev.Code § 4505.04 mandates that all interests in motor vehicle be disclosed in the title and made no distinction between legal and equitable interests. *Caddarette*, 362 B.R. at 833–34.

This Court finds the decision in *Caddarette* unpersuasive. *Caddarette's* reliance on *Saturn of Kings Automall* is unsupported because "[t]he primary issue presented for [the *Saturn* court's] review is whether a person may acquire legal ownership of a motor vehicle without transfer to that person of the vehicle's certificate of title." *Saturn of Kings Automall*, 751 N.E.2d at 1021. The *Saturn of Kings Automall* court never addressed the issue of an express trust. In fact, the Ohio Supreme Court has recognized,

> [I]t is apparent that R.C. 4505.04 is irrelevant to all issues of ownership except those regarding the importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership.

*Smith v. Nationwide Mut. Ins. Co.*, 37 Ohio St.3d 150, 153, 524 N.E.2d 507, 509 (1988).

Additionally, this Court's research uncovered no reported Ohio court decision which held that Ohio Rev.Code § 4505.04(A) prohibits equitable or legal ownership interest in a vehicle via an express trust. *See Ward*, 300 B.R. at 698–99.

> *Saturn* does not protect the bankruptcy estate, which acquires its rights only through Debtor, from the obligation imposed upon Debtor pursuant to the express trust agreement with her son. Debtor holds legal title to the vehicle solely for the benefit of her son ... the equitable interest in the vehicle is excluded from property of the estate.

*In re Groves*, 2006 WL 6211798 at *5. Thus, the ability to form an express trust for holding a vehicle title is not prohibited by the plain language of Ohio Rev.Code § 4505.04.

The cases on which the Trustee relies, *Leeberson* and *Miller*, do not illustrate any intent by the Ohio legislature or Ohio courts to exclude vehicles from the operation of trust law. Rather, the courts in each case focused on a plaintiff's standing to obtain a verdict or judgment for damages without presenting a Certificate of Title to authenticate legal ownership. *See Leeberson*, 150 Ohio St. 528, 83 N.E.2d 209; *Miller*, 90 Ohio App. 66, 103 N.E.2d 588. This is a logical outcome because otherwise, insurance companies or tortfeasors may be subject to multiple claims for damage to a vehicle: once by those claiming ownership and again by the vehicle's title holder.

■ As a result, Trustee's assertion that the Debtor transferred title without reasonable equivalent value is unfounded because the beneficial interest in the Vehicle was never Debtor's and could not be an asset of the bankruptcy estate. Section 541(d) of the Bankruptcy Code provides that the Vehicle "becomes property of the

estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). Here, the Vehicle was for the exclusive use of Defendant and her father. Thus, "the bankruptcy estate has not been diminished by the existence of the express trust ... [and] the ownership interest in the [V]ehicle was never available for any creditor." *Ward*, 300 B.R. at 699.

## IV. Conclusion

For the foregoing reasons, the Court finds that Mr. Zedekar created an express trust when he vested legal title in the Debtor, and Debtor never owned the equitable interest in the Vehicle. The Court finds that there are no genuine issues of fact and Defendant is entitled to judgment as a matter of law. Consequently, it is

ORDERED that Plaintiff's Motion for Summary Judgment is DENIED. It is further

ORDERED that summary judgment in favor of Defendant is GRANTED.

A separate final judgment will be entered in accordance with the foregoing.

**IT IS SO ORDERED.**